FERGUSON, Judge.
The dispositive question is whether a police officer had founded suspicion to make the stop which led to the discovery of recently stolen property.
Police Sergeant James McCray, who had patrolled the same warehouse district for nineteen years, came upon the defendant and a companion in the area on a Sunday afternoon. Robins was carrying two canvas pouches; his companion was carrying a heavy box. McCray was suspicious be *912 cause there were no businesses open in the immediate “high crime rate” area.
Officer McCray approached Robins’ companion first and asked him to produce identification and to state his purpose for being in the area. Robins, meanwhile, continued to walk away at a quickening pace. The companion placed his box on the ground and pretended to search his pockets for identification. With the box on the ground the officer saw two rolls of copper wiring and safety belts, equipment he recognized as that used by electrical repairmen in a nearby Florida Power & Light plant.[1]
Instead of producing identification, Robins’ companion fled, leaving the box of merchandise on the ground. Officer McCray then proceeded after Robins who, by this time, had accelerated his pace to a slow run. When instructed to stop, Robins obeyed and placed his heavy pouches on the sidewalk. When asked for identification, he too fled but was apprehended a short distance away by a backup unit which McCray had summoned by radio.
Robins’ motion to suppress was denied by the trial court on a finding that, although the initial stop of the defendant was without founded suspicion, the officer’s retrieval of the property “abandoned” by the defendant was not unlawfully seized and could be used as evidence of the crime —relying on State v. Oliver, 368 So.2d 1331, (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla.1980). The defendant invites us to revisit Oliver, en banc, contending that the case is “a radical departure from established principle and precedent.” Without reaching the Oliver issue, and without indicating what the result would be if it were necessary to do so, Robins' convictions for burglary and grand theft are affirmed.
Assuming that the initial stop of Robins’ companion was without founded suspicion, it was not a stop of Robins. Indeed, as if he understood the officers’ directive not to be directed to him, Robins continued on his way while his companion complied with the order to stop. After Officer McCrary saw the contents of the box carried by the still unidentified companion, he had probable cause to believe that Robins had committed a felony.
The stop of the phantom co-perpetrator, which led to the discovery of evidence giving rise to a probable cause to stop the appellant, may well have been without a founded suspicion. Robins, however, gains no derivative standing from that fact. It is now somewhat settled law, on facts such as are presented in this case, that one defendant does not have standing to seek suppression of evidence merely because that evidence was allegedly obtained in violation of the Fourth Amendment rights of a codefendant. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).
Affirmed.

. It was later discovered that the property had been recently stolen from the Florida Power & Light facility.